# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60842
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2018

Lyle W. Cayce
Clerk

GERSON MARTINEZ-NATAREN,

Petitioner

v.

MATTHEW G. WHITAKER, ACTING U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 793 404

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gerson Martinez-Nataren, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's (IJ) denial of asylum, withholding of removal, and relief under the Convention Against Torture. He contends that the BIA erred in determining that he failed to establish his eligibility for asylum and withholding of removal. We generally review only the BIA's

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60842

decision, but "may review the IJ's findings and conclusions if the BIA adopts them." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

Martinez-Nataren contends that he has made the requisite showing of persecution on account of his membership in a particular social group, which he identified before the IJ as "Honduran Christian men who fear the gangs because of delinquency." He asserts that his youth, his gender, and his religious beliefs are immutable characteristics that provide his proposed social group with sufficient particularity.

Because the term "particular social group" is not defined by the Immigration and Nationality Act, the agency's interpretation of the term is entitled to deference where, as here, the BIA has applied the social distinction and particularity test to determine that a proposed group does not qualify as a "particular social group." *See Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). As was true in *Orellana-Monson*, Martinez-Nataren's purported group lacks particularity because it "encompasses a wide swath of society crossing many political orientations, lifestyles, and identifying factors." *Id.* at 522. Moreover, he fails to establish that his purported group has social visibility or distinction because he points to no evidence demonstrating that Honduran Christian men who fear gangs would be perceived by society as a distinct group. *See id.* The BIA's determination that Martinez-Nataren's proposed social group fails the particularity and social distinction tests is not arbitrary or capricious and is supported by substantial evidence. *See id.* at 521-22.

Noting that he was confronted and threatened by gang members while he was carrying a Bible, Martinez-Nataren contends that there is a nexus between the threats he received from gang members and his evangelical Christian religion. Because the evidence establishes that he was merely

No. 17-60842

threatened, but not physically harmed, he cannot establish past persecution. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006).

Additionally, substantial evidence supports the agency's determination that Martinez-Nataren failed to establish a nexus between his claimed fear of persecution and his religion.    To make the requisite showing, Martinez-Nataren was required to establish that religion "will be at least one central reason" for his persecution.  8 U.S.C. § 1158(b)(1)(B)(i).  As both the IJ and the BIA noted, Martinez-Nataren essentially testified that the gangs did not limit their harassment and threats to religious people.  Such evidence supports the IJ's determination, noted by the BIA, that the gangs acted to enrich themselves, rather than to persecute Martinez-Nataren on account of his religion.    Even if some record evidence is construed as supporting Martinez-Nataren's claim of religious persecution, the BIA's factual finding that he is not entitled to asylum is conclusive because he fails to show that any reasonable adjudicator would be compelled to conclude to the contrary.  *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).    Because Martinez-Nataren has not shown that he is entitled to asylum, he cannot establish that he meets the higher standard for withholding for removal.  *See Majd v. Gonzales,* 446 F.3d 590, 595 (5th Cir. 2006).

Finally, Martinez-Nataren contends that his asylum claim warranted special consideration, pursuant to guidance from the United Nations High Commissioner for Refugees (UNHCR), because he was a child.  Such guidance, however, is not binding and does not render the BIA's order unsustainable.  *See Kane v. Holder*, 581 F.3d 231, 242 (5th Cir. 2009).  Further, we will not consider the UNHCR guidance as it is not in the administrative record.  *See id.*

PETITION FOR REVIEW DENIED.